IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NORBERTO ADOLIO ROBLES,      §
                             §
          Petitioner,        §
                             §
v.                           §  Civil Action No. 4:17-CV-092-Y
                             §
ERIC D. WILSON, Warden       §
FMC-Fort Worth,              §
                             §
          Respondent.        §

## OPINION AND ORDER

Before the Court is a Petition for a Writ of Habeas Corpus
under U.S.C. § 2241 filed by petitioner Norberto Adolio Robles, a
federal prisoner confined at FMC--Fort Worth in Fort Worth, Texas,
at the time the petition was filed.[1] After considering the
pleadings and relief sought by Petitioner, the related briefs and
the applicable law, the Court concludes that the § 2241 petition
must be dismissed for lack of jurisdiction.

## I. BACKGROUND

Petitioner Norberto Adolio Robles was convicted in the United
States District Court for the Southern District of Texas, Houston
division, in cause number 4:08-CR-374-1 of one count of conspiracy
to possess with intent to distribute cocaine involving five
kilograms or more, in violation of 21 U.S.C. §§ 841(b)(1)(A),
(b)(1)(A), and 846, and sentenced to 120 months' imprisonment and

_____

[1]The Bureau of Prisons website shows that Robles was released on February
22, 2017, and he has provided a new address. *See* www.bop.gov Norberto Adolfo
Robles ID # 82724-179, last visited March 15, 2018; (Doc. 13.)

five years' supervised release. *See United States v. Robles*, No.4:08-CR-374-1 (S.D. Tex. May 17, 2010.)[2] The Respondent provided copies of several records from the underlying criminal case and appeals to the United States Court of Appeals for the Fifth Circuit.(App.(doc. 11-1).)

Robles filed a direct appeal to the United States Court of Appeals for the Fifth Circuit, and the case was initially remanded to the district court for the district court to make a determination of whether Robles had counsel for his sentencing proceeding. *United States v. Robles,* 445 F. App'x 771, 783-784 (5th Cir. 2011). Upon remand, the district court determined that Robles had standby counsel and that counsel's representation was adequate. *United States v. Robles*, No.4:08-CR-374-1, ECF No. 243 (Findings and Conclusions)(S.D. Tex. Dec. 6, 2011.) After those findings were made and the case returned to the Fifth Circuit, however, that court issued an opinion, on March 7, 2012, determining that Robles had been denied his Sixth Amendment right to counsel at sentencing, vacated the original sentence, and remanded the case again for the district court to resentence Robles. *United States v. Robles,* No. 10-20344, (5th Cir. Mar. 7. 2012); (App. (doc. 11-1, at 1-6.) In an amended judgment entered on May 17, 2012, Robles was again resentenced to 120 months' imprisonment and five years' supervised release. *United States v. Robles*, No.4:08-CR-374-1, ECF No. 262 (S.D. Tex. May 17, 2012.)

---

[2]The Court takes judicial notice of the judgment and other records entered in *United States v. Robles*. See Fed. R. Evid. 201(b)(2) and (c)(1).

Robles then appealed again. In his appellate brief filed on March 22, 2012, Robles claimed:

(1) that the use of unauthorized surveillance, "tactics," and "devices" violated his and his family's Fourth, Fifth, and Fourteenth Amendment rights;

(2) he was arrested and detained without probable cause and without arrest or search warrants; he was held for three days without being advised of his *Miranda* rights or appearing before a magistrate violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights;

(3) the trial judge violated Federal Rules of Criminal Procedure 11(c)(1) and (e)(1) and his Fifth, Sixth, Eighth, and Fourteenth Amendment rights by calling him into chambers outside the presence of his counsel and the government to negotiate a guilty plea; and

(4) his counsel provided ineffective assistance when he abandoned him in the judge's chambers, acted as both defense attorney and prosecutor, and "ill advising [him] on his options and rights." (App. (doc. 11-1, at 22-32.)

On January 24, 2013, the Fifth Circuit dismissed the appeal for presenting no non-frivolous grounds. *United States v. Robles*, 518 F. App'x 303, 304 (5th Cir. 2013).

On August 21, 2014, Robles filed a motion under § 2255 in the convicting district court, asserting that the trial judge brokered his guilty plea, his counsel did not ensure that his plea was voluntary, and his statutory minimum sentence was excessive. (App.(doc. 11-1, at 41-42.) On August 10, 2015, the § 2255 motion was denied. (*Id*. at 42.)

Robles then sought a certificate of appealability (COA) from the Fifth Circuit, contending that the trial "judge improperly participated in plea negotiations and forced him to plead guilty," and claiming that his "trial counsel rendered ineffective

assistance by abandoning him during the plea proceedings." (*Id.* at 43-44.) Robles also raised for the first time that the district court provided him fraudulent transcripts and the government engaged in malicious prosecution.(*Id.*) On October 3, 2016, the court of appeals denied Robles's request for COA, but also considered Robles' motion to file a supplemental COA brief as a motion for rehearing, and granted that motion.(*Id.* at 44.) Upon later review of the motion for rehearing, however, the court of appeals denied that motion on December 6, 2016.(*Id.* at 45.)

Robles then filed the instant petition under § 2241 on January 30, 2017.

## II. CLAIMS FOR RELIEF

Petitioner Robles filed this case on a form petition for relief under 28 U.S.C. § 2241. (Pet. (doc. 1) at 1.) Robles also filed a brief and a separate voluminous memorandum in support of the § 2241 petition. (Brief (doc. 2); Memorandum (doc. 3).) Robles ultimately seeks to be exonerated for his conviction. (Pet. (doc. 8.) He asserts such claims as that the trial judge improperly engaged in plea negotiations, that counsel was ineffective by maliciously abandoning Robles and engaging in a conspiracy of silence, that he was subjected to prosecutorial misconduct and malicious prosecution, and that his arrest amounted to an abduction and kidnaping. (Pet. (doc.1) at 6-8.)

## III. ANALYSIS

A motion under § 2255 provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001)(per curiam)(citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000)(per curiam)). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir.2001)). The so-called "savings clause", in bold print below, reads:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**

28 U.S.C. § 2555(e)(West Supp. 2017). Under this "savings clause," the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir.2005)(per curiam). Robles fails to meet this burden.

Robles cannot rely on § 2241 merely because he already sought relief under § 2255 and may now limited in his ability to seek

further relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir.2000)(citing *Tolliver*, 211 F.3d at 878)(holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher,* 342 F.3d at 382 (citing *Reyes-Requena,* 243 F.3d at 904 and *Jeffers,* 253 F.3d at 830).

In this case, Robles has not made these showings, and a review of the grounds asserted in his § 2241 petition shows that he cannot make them. As noted, all of Robles's arguments challenge the validity of the underlying conviction, but he makes no claim that he was actually convicted of a nonexistent offense. Furthermore, he recites no retroactively applicable Supreme Court decision as the basis for any of the relief sought.

Accordingly, Robles is not entitled to relief under § 2241, so his petition seeking such relief must be dismissed for want of jurisdiction. *See Christopher*, 342 F.3d at 379, 385 (noting that since petitioner could not satisfy the § 2255 savings clause, district court's order denying petition was vacated, and case remanded with instructions to dismiss for lack of jurisdiction).

**IV. ORDER**

For the reasons discussed herein, petitioner Norberto Adolio Robles's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

SIGNED March 28, 2018.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE